Thomas A. SMITH, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 91–790.

United States Court of Veterans Appeals.

Submitted March 5, 1992.

Decided April 30, 1992.

As Amended May 7, 1992.

Thomas A. Smith, pro se.

James A. Endicott, Jr., General Counsel, Barry M. Tapp, Asst. General Counsel, Pamela L. Wood, Deputy Asst. General Counsel, and Craig M. Kabatchnick, were on the pleadings, for appellee.

Before FARLEY, MANKIN, and IVERS, Associate Judges.

IVERS, Associate Judge:

Appellant, Thomas A. Smith, appeals from a February 4, 1991, Board of Veterans' Appeals (BVA or Board) decision which refused to reimburse appellant for unauthorized treatment he received at a non-Department of Veterans Affairs (VA) hospital. Appellant, proceeding *pro se*, argues that the BVA's decision is clearly erroneous. The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance. The Court has jurisdiction of the case under 38 U.S.C. § 7252(a) (formerly § 4052(a)).

Appellant served in the United States Navy from June 3, 1944, until June 1, 1946. He is currently not service-connected for any disorder. On July 23, 1989, a Sunday, appellant was stricken with congestive heart failure. Appellant contacted one of his VA clinic treating doctors who was on duty at Rockford Memorial Hospital and who stated that he could not see him but advised him to go to Swedish–American Hospital. R. at 4. Subsequently, appellant was hospitalized at Swedish–American Hospital from July 23, 1989, to July 28, 1989, at a total cost of $4,435.70. R. at 5, 8. It is from the costs incurred during this hospital stay that appellant is seeking reimbursement from VA.

Normally a veteran's disability must be service-connected under 38 U.S.C. §§ 1110, 1131, or 1151 (formerly §§ 310, 331, 351) to receive treatment at a VA hospital. However, a veteran can receive treatment from a VA hospital for a non-service-connected disability, "if [appellant] is unable to defray the expenses of necessary care as determined under section 1722(a) of this title." 38 U.S.C. § 1710(a)(1)(I) (formerly § 601(a)(1)(I)). The record shows that appellant was receiving treatment from the VA clinic at Rockford Memorial Hospital. R. at 4. Since he was not service-connected for his heart condition, the Court assumes that he was receiving treatment in accordance with § 1710(I).

However, care received from a non-VA hospital, whether one is service-connected or not, requires authorization pursuant to 38 C.F.R. § 17.50d (1991). Appellant argues that his care was authorized because his VA treating physician had informed him that arrangements were made for him

to be treated at Swedish–American Hospital. However, the advice of a doctor to go to a non-VA hospital is not the specific type of authorization contemplated in the regulation. Section 17.50d(a) states:

The admission of a veteran to a non-Department of Veterans Affairs hospital at [VA] expense must be authorized in advance. In the case of an emergency which existed at the time of admission, an authorization may be deemed a prior authorization if an application, whether formal or informal, by telephone, telegraph or other communication, made by the veteran or by others in his or her behalf is dispatched to the [VA] (1) for veterans in the 48 contiguous States and Puerto Rico, within 72 hours after the hour of admission, including in the computation of time Saturday, Sunday and holidays, or (2) for veterans in a noncontiguous State, territory or possession of the United States (not including Puerto Rico) if facilities for dispatch of application as described in this section are not available within the 72–hour period, provided the application was filed within 72 hours after facilities became available.

Because no authorization was obtained from the VA prior to appellant's treatment, and the VA was not notified of the emergency within 72 hours, appellant's only possible source of recovery for his expenses is under 38 U.S.C. § 1728 (formerly § 628) and 38 C.F.R. § 17.80 (1991). Section 1728(a) states:

The Secretary may, under such regulations as the Secretary shall prescribe, reimburse veterans entitled to hospital care or medical services under this chapter for the reasonable value of such care or services (including travel and incidental expenses under the terms and condition set forth in section 111 of this title), for which such veterans have made payment, from sources other than the Department where—

(1) such care or services were rendered in a medical emergency of such nature that delay would have been hazardous to life or health;

(2) such care or services were rendered to a veteran in need thereof (A) for an adjudicated service-connected disability, (B) for a non-service-connected disability associated with and held to be aggravating a service-connected disability, (C) for any disability of a veteran who has a total disability permanent in nature from a service-connected disability, or (D) for any illness, injury, or dental condition in the case of a veteran who (i) is a participant in a vocational rehabilitation program (as defined in section 3101(9) of this title), and (ii) is medically determined to have been in need of care or treatment to make possible such veteran's entrance into a course of training, or prevent interruption of a course of training, or hasten the return to a course of training which was interrupted because of such illness, injury, or dental condition; and

(3) Department or other Federal facilities were not feasibly available, and an attempt to use them beforehand would not have been reasonable, sound, wise, or practical.

Despite the fact that there was a medical emergency and the federal facility was unavailable, appellant is not eligible for reimbursement from VA for his hospital stay, because he is not service-connected for any disorder or disability, a requirement under § 1728(a)(2).

Upon consideration of appellant's informal brief, the Secretary's pleadings, and a review of the Record on Appeal, it is the holding of the Court that appellant has not demonstrated that the BVA has committed either legal or factual error which would warrant reversal or remand. The Court is also satisfied that the BVA decision satisfies the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)), and the benefit of the doubt doctrine of 38 U.S.C. § 5107(b) (formerly § 3007(b)). *See Gilbert v. Derwinski*, 1 Vet.App. 49, 53–57 (1990). Summary disposition is appropriate. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990).

Accordingly, the Secretary's motion is GRANTED and the BVA decision is AFFIRMED.