**Bert HAYES, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 93–202.

United States Court of Veterans Appeals.

Dec. 7, 1993.

Bert Hayes, pro se.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Joan E. Moriarty, Washington, DC, were on the pleadings for appellee.

Before NEBEKER, Chief Judge, and FARLEY and MANKIN, Judges.

NEBEKER, Chief Judge:

Appellant, Bert Hayes, appeals a July 8, 1992, Board of Veterans' Appeals (Board) decision denying him entitlement to authorization from the Department of Veterans Affairs (VA) for hospitalization of his brother (the veteran) at a non-VA medical facility for treatment of a non-service-connected disability. The Board also denied entitlement to payment or reimbursement by the VA for the cost of unauthorized medical services received by the veteran while in the non-VA hospital. The Secretary filed a motion for summary affirmance.

The veteran, Dorsey Hayes, served in the U.S. Army during World War II. At no time during his life was he found to have any service-connected disabilities. In December 1991, the veteran was admitted to Hart County Hospital in Hartwell, Georgia, for septicemia and acute vascular insufficiency of the right foot. The veteran's condition was listed as "extremely grave."

On December 10, 1991, appellant visited the VA Medical Administration Service and requested that the veteran be transferred to the VA hospital and that the VA assume financial responsibility for the veteran's medical expenses during his stay at the county hospital. Although initially denied, the veteran's transfer was approved on December 12, 1991, and the veteran was moved to the VA hospital where he died shortly thereafter.

Appellant initiated this claim for reimbursement from the VA for the costs incurred while the veteran was in the county hospital and for authorization from the VA for the veteran's admittance to the county hospital in the first instance.

The Board's decision was based on the determination that appellant had not presented a well-grounded claim. Both the statutory and the regulatory scheme permit the VA to authorize and/or reimburse private medical care only in certain circumstances which the Board found to be absent in this case. Under the statute, both the version that was in effect at the time the Board made its decision, and the current version as amended by Pub.L. No. 102–585, § .501, 106 Stat. 4955 (1992), which added subsection (c), the VA may only authorize treatment at non-VA facilities under specified circumstances. Currently, the statute reads in pertinent part:

> When Department facilities are not capable of furnishing economical hospital care or medical services because of geographical inaccessibility ... the Secretary ... may contract with non-Department facilities in order to furnish any of the following:
>
> (1) Hospital care or medical services to a veteran for the treatment of—
>
> > (A) a service-connected disability;
> >
> > (B) a disability for which a veteran was discharged or released from the active military, naval, or air service; or
> >
> > (C) a disability of a veteran who has a total disability permanent in nature from a service-connected disability.

38 U.S.C.A. § 1703(a) (West Supp.1993). The veteran meets none of these conditions and his brother does not contend otherwise.

Similarly, the VA may also reimburse veterans for expenses incurred in non-VA facilities only in certain circumstances. Section 1728(a) of title 38 provides that such reimbursement may be made where

> (1) such care or services were rendered in a medical emergency of such nature that delay would have been hazardous to life or health;

(2) such care or services were rendered to a veteran in need thereof (A) for an adjudicated service-connected disability, (B) for a non-service-connected disability associated with and held to be aggravating a service-connected disability, (C) for any disability of a veteran who has a total disability permanent in nature from a service-connected disability, or (D) for any illness, injury, or dental condition in the case of a veteran who [is participating in a vocational rehabilitation program and is determined to need treatment in order to continue the training]; and

(3) Department ... facilities were not feasibly available....

38 U.S.C.A. § 1728(a) (West 1991). The statutory language makes clear that all three conditions must be met before reimbursement may be authorized. The VA's regulations track the language of both of the statutory provisions. *See* 38 C.F.R. §§ 17.-50b(a)(1), 17.80 (1993).

Appellant does not contend or present medical evidence that the veteran's illness in December 1991, which resulted in his death, qualifies for the reimbursement he seeks. Therefore, appellant's claim fails to meet the requirements of the statute and the regulations regarding reimbursement. A well-grounded claim is a "plausible claim, one which is meritorious on its own or capable of substantiation." *Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990). As noted, the claim is deficient at its threshold and lacks the necessary well-groundedness. *Cf. Saint Patrick Hospital v. Principi*, 4 Vet.App. 55 (1993) (Board's denial of entitlement to payment or reimbursement for failure to meet the same statutory requirements summarily affirmed when Board adjudicated claim on merits). Therefore, based on the record on appeal, the brief of appellant, and the Secretary's motion for summary affirmance, the Court holds that the Board's decision that appellant's claim was not well grounded is not erroneous and affirmance is appropriate. The Board's decision is AFFIRMED.