Egon SIMILES, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 93–490.

United States Court of Veterans Appeals.

July 8, 1994.

Mary Ellen McCarthy, Carson City, NV, was on the pleadings, for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Vito A. Clementi, Washington, DC, were on the pleadings, for appellee.

Before KRAMER, MANKIN, and HOLDAWAY, Judges.

KRAMER, Judge:

Appellant, Egon Similes, appeals a February 8, 1993, decision of the Board of Veterans' Appeals (BVA) which dismissed the appeal of his claim of entitlement to reimbursement or payment for the costs of private hospitalization. The Court has jurisdiction under 38 U.S.C. § 7252(a).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant had active service from June 1943 to March 1946. R. at 12. He has been service connected for malaria since 1947. R. at 17. He was treated for a heart condition by the VA in 1984. R. at 29. In March 1990, appellant suffered chest pains and, according to appellant, was telephonically advised by a doctor at the VA hospital (which is approximately 50 miles from his home) to go to the nearest private hospital for treatment because his heart condition was "not service-connected" and the VA hospital was "not facilitated to handle [him] on weekends." R. at 108–09. His rating for malaria at the time was 0%. R. at 26.

Appellant submitted the bills from his March 1990 private hospitalization to the VA hospital for payment. The hospital denied payment on the basis that the VA would only pay for unauthorized medical expenses associated with a service-connected disability. R. at 71, 94. The Chief, Medical Administration Service (MAS), confirmed the denial in March 1991. R. at 127. Appellant appealed to the BVA, but his appeal was dismissed on February 8, 1993. R. at 7. The BVA concluded that it had no jurisdiction over the issue of reimbursement of payment of medical expenses based on prior authorization (changing the issue as postulated in the prior determinations made by the VA hospital and the Chief, MAS) because such issue involved medical determinations within the exclusive administrative discretion of the Veterans Health Administration. *Id.*

## II. ANALYSIS

Appellant argues that he is entitled to payment of his March 1990 medical bills because private hospitalization was or should have been authorized by the VA hospital. He further argues that the BVA has jurisdiction over eligibility for hospital care and erred when it refused to hear his appeal. He asks the Court to decide the merits of his claim in his favor and direct the Secretary to reimburse him for his medical expenses.

The Secretary's position is that the BVA did not adequately explain the reasons and bases for its decision and that in addressing the issue of prior authorization, the BVA adjudicated an issue that had not been fully developed or addressed by the agency of original jurisdiction. The Secretary asks that, in light of these deficiencies, the case be remanded to the BVA for readjudication and further development of the record.

Assuming, without deciding, that the BVA does not have jurisdiction over medical determinations, the Court holds that the issue in this case is not a medical determination. *Cf. Amodio v. Derwinski,* 1 Vet.App. 383 (1991) (per curiam order) (appeal dismissed on other grounds). The only medical determination to be made in this case was to be made by the Secretary as to appellant's need for hospital care under 38 U.S.C. § 1710(a)(1), including ambulance travel as defined in 38 U.S.C. § 111. Thus, the preliminary issue to be addressed by the BVA is what the Secretary determined regarding appellant's need for hospital care. Again assuming, without deciding, that the BVA has no jurisdiction over medical determinations, the only basis for the BVA to deny jurisdiction would be if the BVA were to find that the Secretary had determined that appellant did *not* need hospital care. Accordingly, upon remand the BVA shall preliminarily address the following:

(1) Assuming that a VA doctor told appellant to go to the nearest hospital, did this constitute a Secretarial determination of the need for hospital care under 38 U.S.C. § 1710(a)(1), including beneficiary travel as defined in 38 U.S.C. § 111?

(a) If the Secretary determined that appellant was not in need of hospital care under 38 U.S.C. § 1710(a)(1), when was the determination made, by whom, and pursuant to what delegation of authority?

(b) If the Secretary made no determination regarding the need for hospital care under 38 U.S.C. § 1710(a)(1), was the statutory requirement for such determination waived? *See Hamilton v. Brown,* 4 Vet.App. 528, 545 (1993) (en banc) (failure on the part of veteran to file a formal application was deemed waived by the VA's failure to comply with the regulatory requirement that it send formal application forms to veteran); *Smith (E.F.) v. Derwinski,* 2 Vet.App. 429, 433–34 (1992) (VA's failure to notify veteran of filing deadline excused late filing).

Assuming that the BVA finds upon remand that the Secretary determined that appellant was in need of hospital care, the following additional issues must be addressed:

(2) When the VA doctor told appellant to go to the nearest hospital:

(a) Did this act constitute prior authorization for private hospitalization under 38 C.F.R. § 17.50d (1993)? *See Smith (Thomas) v. Derwinski,* 2 Vet.App. 378 (1992).

(b) If not, why not?

(c) If the reason for lack of prior authorization was because the doctor did not have the authority to give such authorization, who has the authority to give such authorization?

(3) What is the statutory authority for 38 C.F.R. § 17.50d?

(4) Was appellant entitled to hospital care under 38 U.S.C. § 1710(a)(1)(E) or (I) and the corresponding regulations found at 38 C.F.R. § 17.47(a)(1), (7) (1993)?

(5) If he was not entitled to care under 38 U.S.C. § 1710(a)(1)(I), was he not entitled to care because of the application of 38 U.S.C. § 1722(a), (b) and the corresponding regulations found at 38 C.F.R. § 17.-48(d)(1), (2) (1993), or 38 U.S.C. § 1722(d) and the corresponding regulation found at 38 C.F.R. § 17.48(d)(5)?

(6) What remedy, if any, is provided to a veteran who is entitled to hospital care under 38 U.S.C. § 1710(a)(1), but is nevertheless denied such care?

(7) Assuming entitlement under 38 U.S.C. § 1710(a)(1), but no prior authorization for private hospitalization, is appellant nevertheless eligible for reimbursement or payment of expenses associated with private hospitalization under 38 U.S.C. § 1728 and the corresponding regulation found at 38 C.F.R. § 17.80 (1993)?

(8) In that 38 U.S.C. § 1710(a)(1) provides a broader basis for entitlement to medical care than 38 U.S.C. § 1728 provides potential for reimbursement, are the two provisions in conflict?

The Court notes that the BVA must "articulate with reasonable clarity its 'reasons and bases'" for its findings and conclusions, providing "clear analysis and succinct but complete explanations" for decisions made as to the above questions. *Gilbert v. Derwinski,* 1 Vet.App. 49, 57 (1990); 38 U.S.C. § 7104(d)(1).

## III. CONCLUSION

Upon careful consideration of the record, the filings of the parties, and the issues presented as determined by the Court, the BVA decision is VACATED and the matter REMANDED for proceedings consistent with this opinion. Appellant is free to submit additional evidence on remand. *See Quarles v. Derwinski,* 3 Vet.App. 129 (1992).