Citation Nr: 1101573 
Decision Date: 01/13/11 Archive Date: 01/20/11

DOCKET NO. 08-03 534A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical Center in Biloxi, 
Mississippi


THE ISSUE

Entitlement to payment or reimbursement of unauthorized medical 
expenses incurred as a result of treatment at Sacred Heart 
Hospital on January 28, 2006. 


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

M. Pansiri, Associate Counsel




INTRODUCTION

The Veteran served on active duty from September 1971 to November 
1984. 

This matter comes before the Board of Veterans' Appeals (Board) 
on appeal from an October 2006 administrative decision issued by 
the Department of Veterans Affairs (VA) Medical Center in Biloxi, 
Mississippi, which denied entitlement to the benefit currently 
sought on appeal.

The Board notes that the Veteran requested a hearing before a 
member of the Board sitting at the RO (Travel Board) and was 
notified that a hearing was scheduled for May 2006. See July 
2009 Board Hearing Notification Letter; see also February 2008 
"Appeal to Board of Veterans Appeals," VA Form 9. The Veteran 
subsequently withdrew her hearing request. See July 2009 Type-
Written Letter from the Veteran. No further requests for 
hearings are of record. As such, the Board finds that the 
Veteran's hearing request is withdrawn. 


FINDINGS OF FACT

1. The Veteran is service-connected for hypertension, rated as 
30 percent disabling; and degenerative disc and joint disease of 
the lumbar spine, rated as 10 percent disabling; for a combined 
disability rating of 40 percent disabling. 

2. Payment or reimbursement of the cost of the private medical 
treatment received on January 28, 2006, was not authorized in 
advance by VA.

3. The non-VA medical treatment at Sacred Heart Hospital for 
lower back pain on January 28, 2006, was emergent treatment for a 
service-connected disability such that delay would have been 
hazardous to the Veteran's life or health.

4. VA or other federal facilities were not feasibly available to 
the Veteran on January, 28, 2006, as the nearest VA facility was 
closed and all other VA facilities were at least 100 miles away. 
CONCLUSION OF LAW

Resolving all reasonable doubt in the Veteran's favor, the 
criteria for payment or reimbursement for medical services 
provided by Sacred Heart Hospital on January 28, 2006, have been 
met. 38 U.S.C.A. §§ 1703, 1725, 1728, 5107 (West 2002 & Supp. 
2010); 38 C.F.R. §§ 17.52, 17.1000-17.1002 (2010).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

In this decision, the Board grants in full the benefit sought on 
appeal, specifically entitlement to payment or reimbursement of 
unauthorized medical expenses incurred as a result of treatment 
at Sacred Heart Hospital on January 28, 2006. As such, no 
discussion of VA's duty to notify or assist is necessary.

The Veteran seeks payment or reimbursement for medical services 
provided for complaints of severe low back pain in a non-VA 
facility (Sacred Heart Hospital) on January 28, 2006. 

Generally, the admission of a Veteran to a non-VA hospital at VA 
expense must be authorized in advance. See 38 C.F.R. § 17.54 
(2010). Here, the Veteran's treatment at the non-VA facility was 
not authorized in advance as there is no indication that VA 
authorization was obtained prior to this particular admission, or 
within 72 hours thereafter, for the medical services provided to 
the Veteran for which she is now seeking payment or 
reimbursement. However, the outcome of this appeal is still 
favorable to the Veteran as the evidence of record reveals that 
the Veteran sought treatment for a service-connected disability, 
the non-VA treatment was of an emergent nature, and a VA or other 
Federal facility was not feasibly available.
 
Congress has authorized the reimbursement or payment for 
unauthorized emergency medical treatment of Veterans, under two 
statutory provisions, 38 U.S.C.A. § 1728 and 38 U.S.C.A. § 1725. 
38 U.S.C.A. § 1728 applies to Veterans who have been granted 
service connection for at least one disability at the time they 
sought treatment or who were participants in a vocational 
rehabilitation program. In this case, the Veteran is service-
connected for hypertension, rated as 30 percent disabling; and 
degenerative disc and joint disease of the lumbar spine, rated as 
10 percent disabling; for a combined disability rating of 40 
percent disabling. As such, 38 U.S.C.A. § 1728 is applicable in 
this case, and no further discussion of payment under 38 U.S.C.A. 
§ 1725 (which governs payment where a Veteran has not been 
granted service connection for the disorder treated or is not in 
receipt of total compensation) is necessary. 
 
Under 38 U.S.C.A. § 1728(a) and 38 C.F.R. § 17.120, VA may 
reimburse Veterans for unauthorized medical expenses incurred in 
non-VA facilities where:

(a) For Veterans with service connected disabilities. Care or 
services not previously authorized were rendered to a Veteran in 
need of such care or services: (1) For an adjudicated service-
connected disability; (2) For nonservice-connected disabilities 
associated with and held to be aggravating an adjudicated 
service-connected disability; (3) For any disability of a Veteran 
who has a total disability permanent in nature resulting from a 
service-connected disability (does not apply outside of the 
States, Territories, and possessions of the United States, the 
District of Columbia, and the Commonwealth of Puerto Rico); (4) 
For any illness, injury or dental condition in the case of a 
Veteran who is participating in a rehabilitation program under 38 
U.S.C. Ch. 31 and who is medically determined to be in need of 
hospital care or medical services for any of the reasons 
enumerated in § 17.48(j); and

(b) In a medical emergency. Care and services not previously 
authorized were rendered in a medical emergency of such nature 
that delay would have been hazardous to life or health, and

(c) When Federal facilities are unavailable. VA or other Federal 
facilities were not feasibly available, and an attempt to use 
them beforehand or obtain prior VA authorization for the services 
required would not have been reasonable, sound, wise, or 
practicable, or treatment had been or would have been refused.

All three statutory requirements (a, b, and c) must be met before 
the reimbursement may be authorized. See Zimick v. West, 11 Vet. 
App. 45, 49 (1998); Hayes v. Brown, 6 Vet. App. 66, 68 (1993).

In this case, as noted, the Veteran is service-connected for 
hypertension, rated as 30 percent disabling; and degenerative 
disc and joint disease of the lumbar spine, rated as 10 percent 
disabling; for a combined disability rating of 40 percent 
disabling. The Veteran sought treatment at the non-VA facility 
for severe low back pain which she believed required immediate 
treatment as the pain was so severe she could not sit, stand, or 
lie down without exacerbating pain as a result of her service-
connected degenerative disc and joint disease of the lumbar 
spine. Hence, the threshold requirement is met. See 38 C.F.R. § 
17.120(a).

With regard to whether treatment was sought in a medical 
emergency, review of the evidence of record reveals that on 
January 28, 2006, the Veteran was treated at Sacred Heart 
Hospital for complaints of severe low back pain. The Veteran 
contends that she began experiencing severe low back pain which 
resulted in serious impairment in her ability to sit, stand, and 
lie down on the evening of Friday, January 27, 2006, into the 
morning of Saturday, January 28, 2006, which required immediate 
relief. The nearest VA facility (the VA Outpatient Clinic in 
Pensacola) was closed on the weekend and reopened on Monday. See 
March 2006 "Claim for Payment of Cost of Unauthorized Medical 
Services," VA Form 10-583; February 2008 "Appeal to the Board 
of Veterans Appeals," VA Form 9 (Substantive Appeal). 

In light of the Veteran's belief and fear that her severe low 
back pain was hazardous to her health in that she believed that 
the absence of immediate medical attention resulted in serious 
impairment to bodily functions, which the Board finds credible 
and consistent with the described circumstances, the Board finds 
that the treatment at Sacred Heart Hospital for lower back pain 
on January 28, 2006, was emergent treatment such that delay would 
have been hazardous to the Veteran's health. Hence, the second 
requirement of the claim is met. See 38 C.F.R. § 17.120(b).

With regard to the provisions of 38 C.F.R. § 17.120(c), the Board 
notes that the Biloxi VAMC also denied the Veteran's claim 
because VA facilities were feasibly available to the Veteran. 
However, the Veteran indicated that the Pensacola VA Outpatient 
Clinic was closed on the weekend and reopened on Monday. See 
March 2006 "Claim for Payment of Cost of Unauthorized Medical 
Services," VA Form 10-583; February 2008 "Appeal to the Board 
of Veterans Appeals," VA Form 9 (Substantive Appeal). In this 
regard, the Board notes that VA clinics near the Veteran's home 
in Pensacola, Florida, including the Pensacola, Panama City and 
Mobile (AL) VA Clinics are closed on the weekends. Further, the 
Board notes that the closest VA facility to Pensacola, Florida, 
is the Pensacola VA Clinic, located about 20 miles away, and the 
next closest VA facility was the Biloxi VAMC, located about 120 
miles away. Sacred Heart Hospital is located about 20 miles from 
the Veteran's home in Pensacola. In light of the evidence of 
record which reveals that the nearest VA facility was closed and 
the next nearest facility was located over 100 miles away, the 
Board finds that a VA or other Federal facility was not feasibly 
available. See 38 C.F.R. § 17.120(c).

In all, given the totality of the evidence, to include the 
Veteran's competent and credible statements, and resolving all 
reasonable doubt in his favor, the Board finds that the criteria 
for payment or reimbursement of unauthorized medical expenses 
incurred as a result of treatment at Sacred Heart Hospital on 
January 28, 2006, are met. See 38 U.S.C.A. §§ 1728, 5107; 38 
C.F.R. §§ 3.102, 17.52, 17.1000-17.1002; see also Gilbert v. 
Derwinski, 1 Vet. App. 49, 53-56 (1990).


ORDER

Entitlement to payment or reimbursement of unauthorized medical 
expenses incurred as a result of treatment at Sacred Heart 
Hospital on January 28, 2006, is granted. 

____________________________________________
C. TRUEBA
Veterans Law Judge, Board of Veterans' Appeals


 Department of Veterans Affairs