Citation Nr: 1546196 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 10-22 714 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical Center in Gainesville, Florida


THE ISSUE

Entitlement to payment or reimbursement of medical care expenses incurred at Pulmonary Physicians of Gainesville on June 12, 2013.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

W. Yates, Counsel



INTRODUCTION

The Veteran served on active duty from August 1991 to August 1995. This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2013 rating decision by the Department of Veterans Affairs (VA) Medical Center in Gainesville, Florida. 


FINDINGS OF FACT

1. On June 12, 2013, the Veteran obtained private medical treatment for obstructive sleep apnea at Pulmonary Physicians of Gainesville. Prior authorization for such treatment was not given by VA, nor can it be implied.

2. At the time of treatment, service connection had been established for sleep apnea, evaluated at 50 percent disabling; herniated lumbar discs, status post discectomies and lumbar interbody fusion at L4-L5 and L5-S1, evaluated at 40 percent disabling; and radiculopathy, left lower extremity, evaluated at 10 percent disabling. The Veteran was not shown to have a total disability, permanent in nature, resulting from a service-connected disability; and the Veteran was not participating in a rehabilitation program under 38 U.S.C. Chapter 31.

3. At the time of treatment, a VA facility was feasibly available to treat the Veteran's obstructive sleep apnea.

4. The private medical treatment obtained by the Veteran on June 12, 2013, did not involve circumstances in which a prudent layperson would have reasonably expected that delay in seeking immediate medical attention for the initial evaluation and treatment would have been hazardous to life or health.



CONCLUSION OF LAW

The criteria for payment or reimbursement of private medical expenses for services performed at Pulmonary Physicians of Gainesville on June 12, 2013, have not been met. 38 U.S.C.A. §§ 1725, 1728 (West 2014); 38 C.F.R. §§ 17.54, 17.120, 17.***********-17.1002 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

VA must assist a claimant at the time that he or she files a claim for benefits. 38 U.S.C.A. §§ 5100, 5102-5103A, 5106, 5107, 5126 (West 2014), 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015). As part of this assistance, VA is required to notify claimants of what they must do to substantiate their claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b)(1). There is no indication in these provisions, however, that Congress intended to revise the unique, specific claim provisions of 38 U.S.C. Chapter 17. 38 C.F.R. §§ 17.120-17.132; Barger v. Principi, 16 Vet. App. 132 (2002).

The provisions of Chapter 17 of 38 U.S.C.A., and 38 C.F.R. Part 17, contain their own notice requirements. Regulations at 38 C.F.R. § 17.120-32 discuss the adjudication of claims for reimbursement of unauthorized medical expenses. A claimant has the duty to submit documentary evidence establishing the amount paid or owed, an explanation of the circumstances necessitating the non-VA medical treatment, and "other evidence or statements that are deemed necessary and requested for adjudication of the claim." 38 C.F.R. § 17.124 (2014). When a claim for payment/reimbursement of unauthorized medical expenses is disallowed, VA is required to notify the Veteran of its reasons and basis for denial, his or her appellate rights, and to furnish all other notifications or statements required by Part 17 of Chapter 38. 38 C.F.R. § 17.132 (2014).

The VA Medical Center's June 2013 letter advised the Veteran of the criteria necessary to substantiate his claim, and notified him of his appellate rights. The letter further explained to the Veteran the basis for the denial of his claim, and afforded him the opportunity to present information and evidence in support of the claim. 

There is no indication that any additional notice or development would aid the Veteran in substantiating his claim herein. The RO has obtained all of the records relating to the medical treatment at issue, and the Veteran has fully stated his contentions. Thus, additional efforts to assist or notify the Veteran in accordance with the VA's duties to notify would serve no useful purpose, and any deficiency of notice or of the duty to assist constitutes harmless error. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991) (finding that strict adherence to requirements in the law does not dictate an unquestioning, blind adherence in the face of overwhelming evidence in support of the result in a particular case; such adherence would result in unnecessarily imposing additional burdens on VA with no benefit flowing to the claimant). 

In compliance with the Board's prior remands in December 2013 and May 2015, the RO requested additional information from the Veteran, obtained additional pertinent VA treatment records, and readjudicated the Veteran's claim following the Board's May 2015 grant of entitlement to service connection for obstructive sleep apnea. 

The Veteran contends that payment or reimbursement is warranted for private medical expenses incurred by him at Pulmonary Physicians of Gainesville on June 12, 2013. He contends that he was informed by the staff at the Pulmonary Physicians of Gainesville that VA authorization for the service performed would be obtained.

A. 38 C.F.R. § 17.54 - Prior Authorization

In claims involving payment or reimbursement by VA for medical expenses incurred as a result of treatment at a private facility, it must first be determined whether the services for which payment is sought were authorized by VA. See 38 U.S.C.A. § 1703(a) (West 2014); 38 C.F.R. § 17.54. 


While the Veteran may have been informed that prior authorization would be obtained from VA, the evidence does not show that an application for authorization was ever made. Similes v. Brown, 6 Vet. App. 555, 556 (1994) (noting that the determination as to whether VA gave prior authorization for non-VA medical care received at a private facility is factual, rather than medical, in nature). In the absence of prior authorization or deemed prior authorization for medical services, there is no factual or legal basis for payment or reimbursement by VA for medical services received at the Pulmonary Physicians of Gainesville. 38 U.S.C.A. § 1703; 38 C.F.R. §§ 17.52, 17.53, 17.54.

B. Reimbursement Claims - Without Prior Authorization

When the Veteran receives treatment at a non-VA facility without prior authorization, there are two statutes that allow for him to be paid or reimbursed for the medical expenses incurred for that treatment if required criteria are met. See 38 U.S.C.A. §§ 1725, 1728 (West 2014). 

Effective October 10, 2008, the provisions of 38 U.S.C.A. §§ 1725 and 1728 were amended. See Veterans' Mental Health and Other Care Improvements Act of 2008, Pub. L. No. 110-387, § 402, 122 Stat. 4110 (2008). This law made various changes to VA's mental health care and also addresses other health care related matters. The changes are liberalizing in that they make reimbursement for medical expenses mandatory instead of discretionary, as well as expanding the definition of "emergency treatment" beyond the point of stabilization. Most importantly, the changes apply the more liberal prudent layperson standard for determining whether an actual medical emergency existed under either 38 U.S.C.A. §§ 1725 or 1728. 

Effective May 21, 2012, VA amended its regulations regarding payment or reimbursement for emergency services for nonservice-connected conditions in non-VA facilities to conform with amendments made to 38 U.S.C.A. § 1725 by the Expansion of Veteran Eligibility for Reimbursement Act, Pub. L. No. 111-137, 123 Stat. 3495 (2010). Specifically, VA amended 38 C.F.R. §§ 17.1001, 17.1002, 17.1004, and 17.1005 to expand the qualifications for payment or reimbursement to Veterans who receive emergency services in non-VA facilities and to establish accompanying standards for the method and amount of payment or reimbursement. These amendments also state that VA will provide retroactive payment or reimbursement for emergency treatment received by a Veteran in certain circumstances. See 77 Fed. Reg. 23,615-23,618 (April 20, 2012). 

In general, under 38 U.S.C.A. § 1728, in order to be entitled to payment or reimbursement of medical expenses incurred at a non-VA facility, there must be a showing that three criteria are met:

(a) the care and services rendered were either: (1) for an adjudicated service-connected disability, (2) for a nonservice-connected disability associated with and held to be aggravating an adjudicated service-connected disability, (3) for any disability of a Veteran who has a total disability, permanent in nature, resulting from a service-connected disability, or (4) for any injury, illness, or dental condition in the case of a Veteran who is participating in a rehabilitation program and who is medically determined to be in need of hospital care or medical services for reasons set forth in 38 C.F.R. § 17.47(i) (formerly § 17.48(j) (2000)); and 

(b) the treatment was for a medical emergency of such nature that a prudent layperson would have reasonably expected that delay in seeking immediate medical attention would have been hazardous to life or health; and 

(c) VA or other Federal facilities were not feasibly available and an attempt to use them beforehand or obtain prior authorization for the services required would not have been reasonable, sound, wise, or practicable, or treatment had been or would have been refused. 

See 38 U.S.C.A. § 1728 (West 2014); 76 Fed. Reg. 79069, 70070 (to be codified at 38 C.F.R. § 17.120). All three statutory requirements found in 38 U.S.C.A. § 1728 must be met before the reimbursement may be authorized. See Zimick v. West, 11 Vet. App. 45, 49 (1998); Hayes v. Brown, 6 Vet. App. 66, 68 (1993).

The Veterans Millennium Health Care and Benefits Act, which became effective in May 2000, also provides general authority for reimbursement for the reasonable value of emergency treatment furnished in a non-Department facility to those Veterans who are active Department health-care participants (enrolled in the annual patient enrollment system and recipients of Department hospital, nursing home, or domiciliary care under such system within the last 24-month period) and who are personally liable for such treatment and not eligible for reimbursement under the provisions of 38 U.S.C.A. § 1728. See 38 U.S.C.A. § 1725. 

To be eligible for reimbursement under this Act, the Veteran has to satisfy all of the following conditions:

(a) The emergency services were provided in a hospital emergency department or a similar facility held out as providing emergency care to the public;

(b) The claim for payment or reimbursement for the initial evaluation and treatment is for a condition of such a nature that a prudent layperson would have reasonably expected that delay in seeking immediate medical attention would have been hazardous to life or health (this standard would be met if there were an emergency medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) that a prudent layperson who possesses an average knowledge of health and medicine could reasonably expect the absence of immediate medical attention to result in placing the health of the individual in serious jeopardy, serious impairment to bodily functions, or serious dysfunction of any bodily organ or part);

(c) A VA or other Federal facility/provider was not feasibly available and an attempt to use them beforehand would not have been considered reasonable by a prudent layperson (as an example, these conditions would be met by evidence establishing that a Veteran was brought to a hospital in an ambulance and the ambulance personnel determined that the nearest available appropriate level of care was at a non-VA medical center);

(d) The claim for payment or reimbursement for any medical care beyond the initial emergency evaluation and treatment is for a continued medical emergency of such a nature that the Veteran could not have been safely discharged or transferred to a VA or other Federal facility (the medical emergency lasts only until the time the Veteran becomes stabilized);

(e) At the time the emergency treatment was furnished, the Veteran was enrolled in the VA health care system and had received medical services under authority of 38 U.S.C. Chapter 17 within the 24-month period preceding the furnishing of such emergency treatment;

(f) The Veteran is financially liable to the provider of emergency treatment for that treatment;

(g) The Veteran has no coverage under a health-plan contract for payment or reimbursement, in whole or in part, for the emergency treatment (this condition cannot be met if the Veteran has coverage under a health-plan contract but payment is barred because of a failure by the Veteran or provider to comply with the provisions of that health-plan contract, e.g., failure to submit a bill or medical records within specified time limits, or failure to exhaust appeals of the denial of payment);

(h) The Veteran has no contractual or legal recourse against a third party that could reasonably be pursued for or in part, the Veteran's liability to the provider;

(i) The Veteran is not eligible for reimbursement under 38 U.S.C. § 1728 for the emergency treatment provided (38 U.S.C. § 1728 authorizes VA payment or reimbursement for emergency treatment to a limited group of Veterans, primarily those who receive emergency treatment for a service-connected disability). 

See also 38 C.F.R. § 17.1002. Failure to satisfy any of the criteria listed above precludes VA from paying unauthorized medical expenses incurred at a private facility. See 38 U.S.C.A. § 1725(b); 38 C.F.R. § 17.1002(g). These criteria are conjunctive, not disjunctive; thus, all of the criteria found in 38 U.S.C.A. § 1725 must be met before payment will be authorized. See Melson v. Derwinski, 1 Vet. App. 334 (1991) (holding that use of the conjunctive "and" in a statutory provision meant that all of the conditions listed in the provision must be met).

Based upon a longitudinal review of the record, the Board finds that the Veteran is not entitled to payment or reimbursement of non-VA medical expenses for services performed at the Pulmonary Physicians of Gainesville on June 12, 2013, under either applicable statute governing such claims. See generally 38 U.S.C.A. §§ 1725, 1728. 

The June 12, 2013, treatment report from the Pulmonary Physicians of Gainesville noted that the Veteran had scheduled that visit to obtain a second medical opinion concerning his obstructive sleep apnea and its relationship to his service-connected back disability. As noted in the report, the Veteran's obstructive sleep apnea was being adequately treated. 

There is no indication in the June 12, 2013, treatment report that the medical service provided was for an emergent condition. In fact, a VA treatment report on the same day, June 12, 2013, noted that the Veteran's obstructive sleep apnea was doing well under his current treatment. 

Under these circumstances, the Veteran's claim does not meet all three of the criteria set out in 38 U.S.C.A. § 1728 in order for payment or reimbursement to be authorized under this statute. Specifically, the treatment obtained was not for a medical emergency as the Veteran was reported to be doing well in both the private and VA treatment records on that same day. Moreover, VA facilities were clearly available, and in fact were used, on that same day. See 38 U.S.C.A. § 1728(b), (c).
Because all three statutory requirements under 38 U.S.C.A. § 1728 have not been met, payment or reimbursement is not authorized under this statute. See 38 U.S.C.A. § 1728; see also Zimick, 11 Vet. App. at 49; Hayes, 6 Vet. App. at 68.

The Board next notes that the Veteran's claim does not meet all of the criteria set out in 38 U.S.C.A. § 1725 in order for payment or reimbursement to be authorized under this statute as well. As noted above, the Veteran's obstructive sleep apnea was not of such a nature that a prudent layperson would have reasonably expected that delay in seeking immediate medical attention would have been hazardous to life or health. See 38 U.S.C.A. § 1725(b); see also 38 C.F.R. § 17.1005. Moreover, the evidence indicates that VA treatment facilities were not only available, but were used for the same disability on the very same day. See 38 U.S.C.A. § 1725(c). As the medical condition was non-emergent at the time he was seen by the Pulmonary Physicians at Gainesville on June 12, 2013, there was no medical emergency of such a nature that the Veteran could not have been safely discharged or transferred to a VA or other Federal facility. See 38 U.S.C.A. § 1725(d). 

In conclusion, the Board finds that, because all of the criteria outlined in 38 U.S.C.A. § 1725 are not met, VA is precluded from paying unauthorized medical expenses incurred at a private facility. See also 38 U.S.C.A. § 1725(b); 38 C.F.R. § 17.1002(g); Melson, 1 Vet. App. at 334.

The Board has considered the benefit-of-the-doubt doctrine. 38 U.S.C.A. 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 55-56 (1990). However, as the preponderance of the evidence is against the Veteran's claim, the doctrine is not applicable in this case. The Board is also without authority to grant benefits simply because it might perceive the result to be equitable. 38 U.S.C.A. §§ 503, 7104 (West 2002); Harvey v. Brown, 6 Vet. App. 416 (1994). The Board further observes that no equities, no matter how compelling, can create a right to payment out of the United States Treasury which has not been provided for by Congress. Smith v. Derwinski, 2 Vet. App. 429 (1992); Office of Personnel Management v. Richmond, 496 U.S. 414 (1990). 


ORDER

Entitlement to payment or reimbursement of private medical expenses for services performed at Pulmonary Physicians of Gainesville on June 12, 2013, is denied.



____________________________________________
JOY A. MCDONALD
Veterans Law Judge, Board of Veterans' Appeals




Department of Veterans Affairs