**ST. PATRICK HOSPITAL, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

No. 91–557.

United States Court of Veterans Appeals.

Jan. 14, 1993.

Robert Terrazas, Missoula, MT, was on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Leonard J. Selfon, Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and MANKIN, Associate Judges.

KRAMER, Associate Judge:

Appellant appeals an October 15, 1990, decision of the Board of Veterans' Appeals (BVA) denying entitlement to payment or reimbursement by the Department of Veterans Affairs (VA) for certain unauthorized medical expenses incurred in connection with the veteran's hospitalization at St. Patrick Hospital from September 5, 1989, to October 3, 1989. The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance.

 The Court has jurisdiction over the case under 38 U.S.C. § 7252(a) (formerly § 4052(a)) in that the matter being appealed is a "decision[ ] of the Board of Veterans' Appeals." However, the notice of appeal, timely filed in this case pursuant to 38 U.S.C. § 7266(a) (formerly § 4066(a)), was filed by a hospital, thus raising the jurisdictional question of whether a hospital can be "a *person* adversely affected" under § 7266(a) (emphasis added). Based upon a review of the case law involving statutes with similar language, the Court holds that St. Patrick Hospital is "a person adversely affected" as contemplated by § 7266(a). *See A.E. Staley Mfg. Co. v. Secretary of Agriculture,* 120 F.2d 258 (7th Cir.1941) (manufacturer is a person who will be adversely affected); *Eastern Associated Coal Corp. v. Interior Bd. of Mine Operations Appeals,* 491 F.2d 277 (4th Cir.1974) (mining company is a person aggrieved); *Aguayo v. Richardson,* 352 F.Supp. 462

(S.D.N.Y.1972), *modified, aff'd,* 473 F.2d 1090 (2d Cir.1973), *cert. denied,* 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 101 (1974) (city is a person aggrieved); *Schoeppner v. Gen. Tel. Co. of Pa.,* 417 F.Supp. 453 (W.D.Pa.1976) (labor union is a person and thus may be a person aggrieved).

 The Court holds that appellant is not eligible for reimbursement under 38 U.S.C. § 1728 (formerly § 628), because there is no evidence in the record that the veteran meets the criteria in § 1728(a)(2) and 38 C.F.R. § 17.80(a) (1991). The Court further holds that appellant is not eligible for reimbursement under 38 C.F.R. § 17.-50b(a), because this provision and 38 C.F.R. §§ 17.50d, 17.50f (1991) require an authorization which was not obtained. (It is questionable whether an authorization could have been obtained because the veteran does not meet any of the criteria set forth in § 17.50b(a)(1)–(11).)

Finally, appellant relies heavily on 38 C.F.R. § 17.47(d) (1991), and purports to quote therefrom to the effect that this provision required the VA to arrange care under § 17.50b for the veteran. First, while appellant references § 17.47(d), the language of that paragraph is permissive and not as quoted by appellant. Rather, the language quoted by appellant appears to be § 17.47(b)(1). Second, § 17.47(b)(1) specifically requires authorization under § 17.50b, which appellant did not have. Third, § 17.47(b) makes subparagraph (b)(1) applicable only if the requirements of § 17.47(a) are met. As with 38 U.S.C. § 1728(a)(2), it is uncontested that the veteran does not meet the requirements of § 17.47(a).

Upon consideration of the record and the filings of the parties, the Court holds that the decision of the BVA contains neither factual nor legal error which would warrant reversal or remand. *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). Therefore, the motion of the Secretary is granted and the decision of the BVA is AFFIRMED.