**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILA RIVER INDIAN COMMUNITY, a federally recognized Indian tribe; GILA RIVER HEALTH CARE CORPORATION, a wholly owned and subordinate entity of the Gila River Indian Community, *Plaintiffs-Appellants*, | No. 17-15629 D.C. No. 2:16-cv-00772-ROS |
| v. | OPINION |
| UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; ROBERT A. MCDONALD, Former Secretary, United States Department of Veterans Affairs, *Defendants-Appellees*. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

Argued and Submitted April 11, 2018
San Francisco, California

Filed August 15, 2018

Before: Andrew J. Kleinfeld, William A. Fletcher,
and Raymond C. Fisher, Circuit Judges.

Opinion by Judge W. Fletcher

## SUMMARY[*]

**Subject Matter Jurisdiction / Veterans / Tribal Matters**

The panel affirmed the district court's Fed. R. Civ. P. 12(b)(1) dismissal for lack of subject matter jurisdiction of Gila River Indian Community and Gila River Health Care Corporation's lawsuit against the Department of Veterans Affairs for failing to reimburse the Community for the care it provides to veterans at tribal facilities.

The panel held that § 511(a) of the Veterans' Judicial Review Act, 38 U.S.C. § 511(a), barred the Community's lawsuit. The Community sought review of the VA's determination that two provisions of the Patient Protection and Affordable Care Act – 25 U.S.C. §§ 1623(b) and 1645(c) – did not require the VA to reimburse the Community absent a sharing agreement. The panel held that this determination fell under the jurisdictional bar of § 511(a) because it was plainly a question of law that affected the provision of benefits by the Secretary of the VA to veterans, and the relief requested could clearly affect the provision of benefits.

The panel held that the presumption in *Montana v. Blackfeet Tribe of Indians*, 471 U.S. 759, 766 (1985) (holding that statutes are to be construed liberally in favor of the Indians), did not apply to § 511(a) because the *Blackfeet Tribe* presumption only applied to federal statutes that were passed for the benefit of Indian tribes. The panel also held

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

the Community's argument that the district court had jurisdiction under 28 U.S.C. § 1362 was waived because the Community did not make this argument in the district court.

## COUNSEL

Thomas L. Murphy (argued) and Linus Everling, Gila River Indian Community, Sacaton, Arizona; Robert R. Yoder, Yoder & Langford P.C., Scottsdale, Arizona; for Plaintiffs-Appellants.

Laura Myron (argued) and Charles W. Scarborough, Appellate Staff; Elizabeth A. Strange, Acting United States Attorney; Chad A. Readler, Acting Assistant Attorney General; Civil Division, United States Department of Justice, Washington, D.C.; for Defendants-Appellees.

## OPINION

W. FLETCHER, Circuit Judge:

The Gila River Indian Community and Gila River Health Care Corporation (collectively, "the Community") sued the Department of Veterans Affairs ("the VA") for failing to reimburse the Community for the care it provides to veterans at tribal facilities. The Community argues that two provisions of the Patient Protection and Affordable Care Act require the VA to reimburse it even absent an agreement defining the terms of reimbursement. The district court dismissed the Community's lawsuit after determining that the Veterans' Judicial Review Act, 38 U.S.C. § 511(a), deprived

it of jurisdiction over the Community's claims.  We have appellate jurisdiction under 28 U.S.C. § 1291.  We affirm.

## I.  Background

The Gila River Indian Community is a federally recognized American Indian tribe that occupies the Gila River reservation in Arizona.  The Gila River Health Care Corporation ("GRHC") is a wholly owned tribal organization that provides health care services to eligible persons.  The GRHC was formed pursuant to the Indian Self-Determination and Education Assistance Act, which authorizes Indian tribes to contract with the federal government to provide services that were previously provided by the federal government. *See* 25 U.S.C. § 5301 *et seq*.  The health care that the GRHC provides is financed through funding agreements between the tribe and the Indian Health Service ("IHS"), an agency within the Department of Health & Human Services.

Relevant to this case, the Community provides health care services to Indian and non-Indian veterans who are entitled to receive services from the VA.  The Community alleges that many veterans have opted to receive care through the GRHC, rather than through the VA, due to ongoing issues with the care provided at VA facilities.

In 2010, Congress enacted the Patient Protection and Affordable Care Act ("the ACA").  Pub. L. No. 111-148, 124 Stat. 119 (2010).  Two provisions of the ACA are relevant to this case.  The first, 25 U.S.C. § 1623(b), provides:

> Health programs operated by the Indian Health Service, Indian tribes, tribal organizations, and Urban Indian organizations (as those terms are defined in section 1603 of this title) shall be the payer of last resort for services provided by such Service, tribes, or organizations to individuals eligible for such services through such programs, notwithstanding any Federal, State, or local law to the contrary.

The Community argues that the effect of this provision is to guarantee that tribal health programs will pay for health care services only after other sources of funding, such as VA reimbursement, Medicare, Medicaid, or private health insurance, have been exhausted or have been shown to be unavailable. *See* 42 C.F.R. § 136.61.

The second provision, § 1645(a)(1), gives the Secretary of the VA authority to "enter into (or expand) arrangements for the sharing of medical facilities and services between the Service, Indian tribes, and tribal organizations and the [VA]." Section 1645(c) provides further that "[t]he Service, Indian tribe, or tribal organization shall be reimbursed by the Department of Veterans Affairs or the Department of Defense . . . where services are provided through the Service, an Indian tribe, or a tribal organization to beneficiaries eligible for services from either such Department, notwithstanding any other provision of law." The Community argues that § 1645(c) is designed to give Indian veterans flexibility in choosing where to receive health care services "while ensuring that tribal budgets will not be drained when patients [choose] tribal services over care they could otherwise receive through the VA."

Instead of providing reimbursements directly under the ACA, the VA developed template reimbursement agreements with the IHS, and it required recipients to enter into an agreement as a condition of receiving reimbursement. The Community argues that these template agreements improperly limit the scope of what it contends is a mandatory and self-executing right to reimbursement directly under the ACA. In the Community's view, the agreements, among other things, improperly require express consent by the VA to each reimbursement request, limit reimbursements to direct care services, and deny reimbursement to the Community for services provided to non-Indian veterans who receive treatment from the GRHC. The Community and the VA entered into lengthy negotiations, which failed to produce a mutually acceptable agreement.

In March 2016, the Community filed suit against the VA and the Secretary. The Community alleged that the VA had violated § 1623(b) by "forcing GRHC into a primary payer position on all services for which VA has refused to provide reimbursements." The Community further alleged that the VA violated 25 U.S.C. § 1645(c) by refusing to process reimbursement requests and by conditioning reimbursement on entering into an agreement with the VA. The Community requested declaratory and injunctive relief, requiring reimbursement for services it had already provided to veterans as well as reimbursement for future services.

The VA moved to dismiss the Community's complaint, arguing that the district court lacked subject matter jurisdiction under the Veterans' Judicial Review Act ("VJRA"), Pub. L. No. 100-687, 102 Stat. 4105 (1988), and that the complaint failed to state a claim. The VJRA provides that the Secretary of the VA "shall decide all questions of law

and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). A decision by the Secretary is "final and conclusive and may not be reviewed by any other official or by any court." *Id.*

The district court dismissed the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. The court noted that in *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1025 (9th Cir. 2012) (en banc), we held that § 511(a) creates a broad jurisdictional bar that "extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to those decisions that may affect such cases." The district court held that the "refusal to provide . . . reimbursement—even assuming reimbursement is statutorily mandated—is a decision that relates to a benefits decision," and dismissed the Community's claims. The court did not reach the VA's alternative argument that the complaint failed to state a claim for relief under Rule 12(b)(6).

The Community appeals.

## II. Standard of Review

We review de novo a dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

### III. Discussion

The sole question presented in this appeal is whether § 511(a) bars the Community from bringing this suit in federal district court. Section 511(a) provides:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a).

Other provisions of the VJRA allow administrative and judicial review of VA decisions, unaffected by the jurisdictional bar of § 511(a). *See* 38 U.S.C. § 511(b)(1), (4). For example, a claimant may appeal certain of the Secretary's decisions, including benefits determinations, to the Board of Veterans Appeals. 38 U.S.C. § 7104(a). A party who is "adversely affected" by the Board's final decision may then appeal to the United States Court of Appeals for Veterans Claims, an Article I court, and from there, to the Court of Appeals for the Federal Circuit. *Id.* §§ 7252, 7266(a), 7292. Further, an interested party seeking to challenge notice-and-comment rulemaking by the VA, or another VA action that requires publication in the Federal Register (such as "substantive rules of general applicability" or "statements of

general policy or interpretations of general applicability"), may file suit in the Federal Circuit. *Id.* § 502 (referencing 5 U.S.C. §§ 552(a)(1), 553). In both instances, the jurisdictional grants to the Veterans Court and the Federal Circuit Court are exclusive. *Id.* §§ 7252(a), 7292(c).

In *Veterans for Common Sense v. Shinseki*, we recognized that § 511(a), when read alongside provisions channeling claims through the Veterans Court and the Federal Circuit, "demonstrate[s] that Congress was quite serious about limiting our jurisdiction over anything dealing with the provision of veterans' benefits." 678 F.3d at 1023. To that end, § 511(a) "extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to those [VA] decisions that may affect such cases." *Id.* at 1025. Indeed, the plain text of § 511(a) indicates that the bar applies not only to the VA's actual benefits decisions, but also to the VA's resolution of predicate "questions of law and fact … under a law that *affects* the provision of benefits." 38 U.S.C. § 511(a) (emphasis added). However, § 511(a) allows the exercise of jurisdiction over certain facial constitutional challenges that require only a "consideration of the constitutionality of the procedures in place," rather than "a consideration of the decisions that emanate through the course of the presentation of those claims." *Veterans for Common Sense*, 678 F.3d at 1034 (holding that § 511(a) did not strip jurisdiction over a facial procedural due process claim); *see also Recinto v. U.S. Dep't. of Veterans Affairs*, 706 F.3d 1171, 1176 (9th Cir. 2003) (holding that § 511(a) did not strip jurisdiction over a facial equal protection claim).

We hold that § 511(a) bars the Community's suit. The suit asks us to review the VA's determination that 25 U.S.C. §§ 1623(b) and 1645(c) do not require it to reimburse the Community absent a sharing agreement. That determination is plainly a "question of law . . . necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). Further, the relief requested by the Community would clearly "affect[ ] the provision of benefits" by requiring the VA to reimburse the Community both retrospectively and prospectively.

The Community's arguments to the contrary are not persuasive. The Community first argues that its claims do not "affect[ ] the provision of benefits *by* the Secretary *to* veterans." 38 U.S.C. § 511(a) (emphasis added). The Community characterizes the ACA provisions as cost-shifting provisions that transfer the obligation to pay from one agency to another, but that do not expand or diminish a veteran's entitlement to care. In the Community's view, its claims do not fall within § 511(a) because its lawsuit concerns reimbursement, rather than eligibility for services.

We do not read § 511(a) so narrowly. We recently rejected an argument very similar to the argument the Community makes here—that § 511(a) extends only "to those claims addressing *entitlement* to benefits, rather than the manner in which those benefits [are] provided to eligible veterans." *Tunac v. United States*, No. 17-15021, — F.3d — , 2018 WL 3614044 at *6 n.5 (9th Cir. July 30, 2018). The relevant inquiry under § 511(a) is whether a suit would "require[] the district court to review VA decisions that *relate to* benefits decisions, including any decision made by the Secretary in the course of making benefits decisions."

*Veterans for Common Sense*, 678 F.3d at 1025 (emphasis added) (internal citations and quotation marks omitted). Reimbursement decisions by the VA clearly relate to benefits decisions. *See, e.g.*, *Price v. United States*, 228 F.3d 420, 422 (D.C. Cir. 2000) (holding that § 511(a) stripped jurisdiction over a veteran's claim that the VA wrongfully denied reimbursement).

The VA may provide benefits to veterans directly, by providing health care services through VA facilities, or indirectly, by reimbursing treatment costs when veterans receive treatment from other providers. For example, 38 U.S.C. § 1725(a)(1) provides that the VA "shall reimburse a veteran . . . for the reasonable value of emergency treatment furnished the veteran in a non-Department facility." Section 1725 further provides that the Secretary may, "in lieu of reimbursing the veteran," pay the emergency care provider directly, or reimburse a "person or organization that paid for such treatment on behalf of the veteran." *Id.* § 1725(a)(2); *see also id.* § 1741(a)(1) (providing that the Secretary "shall pay each State [a] per diem rate" for care to a veteran in a state facility, "if such veteran is eligible for such care in a [VA] facility"). Although a third-party care provider can contest a reimbursement decision, it must do so administratively, by filing a claim and appealing, if necessary, to the Veterans Court. *See St. Patrick's Hosp. v. Principi*, 4 Vet. App. 55, 56 (1996) (finding that a private hospital may appeal an adverse decision to the Veterans Court).

The Community compares its claims to the facial equal protection claim considered in *Recinto*. It argues that *Recinto* held that § 511(a) does not bar jurisdiction in a federal district court if the claim does not require a court to consider any

individual benefits determinations. The Community misreads *Recinto*. The test is whether review requires consideration of predicate "questions of law and fact . . . under a law that *affects* the provision of benefits." 38 U.S.C. § 511(a). In *Recinto*, we exercised jurisdiction only after first concluding that review "would not require consideration of [VA] decisions affecting the provision of benefits." 706 F.3d at 1176 (internal quotation marks omitted). Because the Community challenges the VA's decision not to provide reimbursements absent an agreement, a consideration of the Community's claims would clearly require consideration of VA "decisions that emanate through the course of the presentation of [benefits] claims." *Veterans for Common Sense*, 678 F.3d at 1034.

The Community also invokes the presumption in favor of judicial review of administrative action. *See ANA Int'l, Inc. v. Way*, 393 F.3d 886, 891 (9th Cir. 2004). But because the express language of § 511(a) is unambiguous, and because Congress has provided an alternative forum for judicial review of the Community's claims, that presumption does not require a different result. *Cf. Veterans for Common Sense*, 678 F.3d at 1035 (exercising jurisdiction over claim in part because "[plaintiff] would be unable to assert its claim in the review scheme established by the VJRA.").

The Community further relies on the *Blackfeet Tribe* presumption, which provides that "statutes are to be construed liberally in favor of the Indians, with ambiguous provisions interpreted to their benefit." *Montana v. Blackfeet Tribe of Indians*, 471 U.S. 759, 766 (1985). But the *Blackfeet Tribe* presumption applies only to those federal statutes that are "passed for the benefit of . . . Indian tribes." *Artichoke Joe's Cal. Grand Casino v. Norton*, 353 F.3d 712, 729 (9th

Cir. 2003) (quoting *Hoonah Indian Ass'n v. Morrison*, 170 F.3d 1223, 1128–29 (9th Cir. 1999)).  It does not extend to generally applicable statutes.  *See id.*; *Consumer Fin. Protection Bureau v. Great Plains Lending, LLC*, 846 F.3d 1049, 1057 (9th Cir. 2017).  Because the statute directly at issue is 38 U.S.C. § 511(a), rather than the provisions of the ACA, the *Blackfeet Tribe* presumption does not apply.  The Community emphasizes that the ACA provisions are mandatory and self-executing, but this goes to the merits of the Community's claim for reimbursement, rather than to the antecedent jurisdictional question before us.

Finally, the Community argues that the district court has jurisdiction under 28 U.S.C. § 1362, which provides the district court with original jurisdiction over civil actions brought by Indian tribes that present a federal question.  The Community did not make this argument in the district court, and it has therefore been waived.  But even if it were properly before us, we would be obliged to hold that the general grant of subject matter jurisdiction in 28 U.S.C. § 1362, like other general grants of subject matter jurisdiction such as 28 U.S.C. § 1331, does not control over the specific limitation of subject matter jurisdiction contained in 38 U.S.C. § 511(a).  *See Veterans for Common Sense*, 678 F.3d at 1023 (noting that "if a claim comes within [§ 511(a) or the VJRA's exclusive review provisions] the district court is divested of jurisdiction that it otherwise might have exercised under 28 U.S.C. § 1331, and we are divested of any power of appellate review"); *see also Blatchford v. Native Vill. of Noatak & Circle Vill.*, 501 U.S. 775, 783 (1991) ("What is striking about [28 U.S.C. § 1362] . . . is its similarity to any number

of other grants of jurisdiction to district courts to hear federal-question claims.").

**AFFIRMED.**