NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 6 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL LIETZ, | No. 19-35593 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00554-EJL |
| v. | |
| ANDREW WILPHER, Chief of Staff Boise VA Medical Center; KERI BARBERO, Chairperson, Disruptive Behavior Committee Boise VA Medical Center; DOES, John and Jane Doe 1-25, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted April 14, 2022
Seattle, Washington

Before: HAWKINS and FORREST, Circuit Judges, and RESTANI,[**] Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

1

Plaintiff Paul Lietz appeals the district court's dismissal of his *Bivens*[1] First Amendment retaliation claim against several staff members at the Boise Veterans Affairs Medical Center (the VA). We reject the VA's assertion that we lack jurisdiction under 38 U.S.C. § 511 because in the specific context of this case Lietz does not seek review of any underlying decision made by the VA in "the course of making benefits determinations." *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1025 (9th Cir. 2012) (en banc) (internal quotation marks and citation omitted); *see Gila River Indian Cmty. v. Dep't of Veterans Affs.*, 899 F.3d 1076, 1080 (9th Cir. 2018).

On the merits, to determine whether a cause of action exists under *Bivens*, the Supreme Court has set forth a two-step analysis. First, we ask whether the claim "arises in a new context or involves a new category of defendants." *Hernandez v. Mesa*, __ U.S. __, 140 S. Ct. 735, 743 (2020) (internal quotation marks and citation omitted). "We regard a context as 'new' if it is 'different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court.'" *Id.* (citation omitted). If the claim does arise in a new context, at step two we consider "whether there are any special factors that counsel hesitation about granting the extension." *Id.* (internal quotation marks and citation omitted).

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

We conclude that Lietz's *Bivens* claim arises in a new context. Although the Ninth Circuit previously extended *Bivens* to First Amendment claims*,* the Supreme Court has never expressly done so. *Compare Boule v. Egbert*, 998 F.3d 370, 392 (9th Cir. 2021) (finding that a *Bivens* remedy was available for a First Amendment retaliation claim), *with Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims."). We further conclude that the "comprehensive, remedial structure" of the Veterans' Judicial Review Act (VJRA) is a special factor that counsels hesitation against extending *Bivens* to this context*. See Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995) (declining to extend *Bivens* to a veteran's First Amendment retaliation claim). Given the VJRA's comprehensive nature, that Congress did not include a cause of action for Lietz's retaliation claim suggests that his inability to obtain damages "was not inadvertent on the part of Congress," but instead "raises the inference that Congress expected the Judiciary to stay its *Bivens* hand." *W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1122–23 (9th Cir. 2009) (internal quotation marks and citation omitted). Accordingly, we decline to recognize a *Bivens* cause of action for Lietz's First Amendment retaliation claim.

**AFFIRMED.**